Filed 4/28/16  P. v. Taylor CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL TAYLOR,<br><br>    Defendant and Appellant. | B267647<br><br>(Los Angeles County<br>Super. Ct. No. KA021660) |

        APPEAL from an order of the Superior Court of Los Angeles County.  Robert M. Martinez, Judge.  Affirmed.

        Tyrone A. Sandoval, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

_____

In August 1994, Michael Taylor was convicted of one count of second degree robbery and one count of attempted second degree robbery. In August 1996, upon remand after appeal, Taylor was resentenced on those convictions to 50 years to life plus 10 years: 25 years to life on each count as a third strike offender, plus five years on each count for a prior serious felony enhancement under Penal Code section 667, subdivision (a)(1). ~(CT 30)~ Prior to sentencing, the trial court found true the special allegations that Taylor had sustained prior robbery convictions in 1984 (case No. A751243) and 1988 (case No. A737011). ~(CT 13-19, 29)~

On June 9, 2015, Taylor filed a "Notice and Motion to Set Aside Void Sentence and Request for Factual Determination." ~(CT 1)~ In the motion, Taylor argued the trial court erred in using his 1984 robbery conviction as a prior strike under the "Three Strikes" law and as a prior serious felony under Penal Code section 667, subdivision (a)(1), because the 1984 conviction was "stricken" after he received a "Certificate of Rehabilitation and Pardon" on that conviction. ~(CT 2)~ Taylor did not attach to his motion any documents indicating the trial court had issued a Certificate of Rehabilitation and Pardon to him or that his 1984 robbery conviction had been stricken. Instead, he attached a minute order indicating, on the date the trial court sentenced him for the 1984 robbery conviction in case No. A751243, the court provided him a "Notice Re Certificate of Rehabilitation and Pardon." ~(CT 14)~

On June 30, 2015, the trial court in this case issued a minute order denying Taylor's motion to set aside his sentence "without prejudice upon proof of documentation that defendant has received a Certificate of Rehabilitation from the Governor." ~(CT 31)~

On August 17, 2015, Taylor submitted a letter to the trial court describing the efforts he had made to subpoena documents from the California Department of Corrections and Rehabilitation showing he had received a Certificate of Rehabilitation and Pardon from the Governor. ~(CT 32-37)~ He attached to his letter the same May 29, 1984 minute order he had submitted previously, indicating the trial court had provided

2

him with a "Notice Re Certificate of Rehabilitation and Pardon" at the time the court sentenced him for the 1984 robbery. ~(CT 38-39)~

On September 22, 2015, the trial court issued a minute order stating, in pertinent part: "After further review, the court has come to the conclusion that defendant is not entitled to the relief being requested. [¶] It does not appear that defendant was 'granted' a Certificate of Rehabilitation on May 29, 1984. The court minute order for May 29, 1984 reflects that defendant was sentenced to prison on the very same charges that defendant now claims he received a Certificate of Rehabilitation on the very same day. It appears that what defendant may have received is a Superior Court notice of the process to obtain a Certificate of Rehabilitation upon completion of the sentence. [¶] Further, even if defendant received a Certificate of Rehabilitation and/or a pardon, the effect of such is to restore civil and political right[s]. It does not obliterate the underlying record of conviction. [Citations.] The court interprets that language to mean that a prior conviction may still be used [as] an enhancement prior even if [a] Certificate of Rehabilitation was granted on the prior case." ~(CT 44)~

On October 5, 2015, Taylor filed a notice of appeal from the denial of his motion to set aside his sentence. ~(CT 46)~ We appointed counsel to represent him on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436. On January 22, 2016, we advised Taylor that he personally had 30 days to submit any contentions or issues he wished us to consider. We also directed his appointed counsel to send the record and opening brief to Taylor immediately. To date, we have received no response from Taylor.

We have examined the record and are satisfied that Taylor's counsel has complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED.


CHANEY, J.


We concur:


ROTHSCHILD, P. J.


LUI, J.

4